## Muller et ux., Appellants, *v.* Likoff.

Argued June 12, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Robert M. Ross*, with him *B. Nathaniel Richter*, and *Richter, Syken, Ross & Levant*, for appellants.

*Dolores B. Spina*, with her *Pepper, Hamilton & Scheetz*, for appellee.

OPINION BY HOFFMAN, J., September 19, 1973:
In this appeal, the question is whether the trial court erred in granting defendant's motion for nonsuit. The

principal issue is whether the plaintiffs-appellants produced sufficient evidence upon which a jury could reasonably conclude that an agency relationship existed between Dr. Likoff, the defendant-appellee, and a hospital nurse.

On March 10, 1962, wife-plaintiff, Rebecca D. Muller, was admitted to Hahnemann Hospital, in Philadelphia, for treatment of coronary disease. During this hospitalization, Mrs. Muller was under the care of the appellee, Dr. William Likoff. Four days after admission, Dr. Likoff prescribed Heparin which was to be administered subcutaneously every six hours. The treatment was followed as prescribed with no untoward results. On the occasion in question, however, one Luba Stern, a registered nurse employed by Hahnemann, allegedly injected the Heparin directly into the femoral nerve.[1] As a result of the injection, appellant experienced immediate and excruciating pain, and subsequently developed a permanent neuropathy of her right leg.

Appellants instituted suit against Dr. Likoff. At the close of plaintiff's case, Judge Harry A. TAKIFF granted defendant's motion for nonsuit. It is from a denial of a motion to strike off nonsuit by a court en banc that this appeal has been taken.

After a review of the record in this case and the applicable law, we are unable to say that the trial court erred in granting appellee's motion for nonsuit.

A nonsuit should only be entered in a clear case. It is basic that on review the plaintiff must be given the benefit of all favorable testimony and every reasonable inference arising therefrom. Any conflict must be resolved in favor of plaintiff. *Martino v. Great A. & P. Co.,* 419 Pa. 229, 213 A. 2d 608 (1965).

---

[1] Testimony adduced at trial indicated that proper injection would have been either into the buttocks area or on the outer part of the thigh. Allegedly, Nurse Stern improperly injected the Heparin into the front portion of the thigh ten inches above the kneecap.

Plaintiff called three witnesses on the issue of agency and control. Mrs. Muller testified as to what Dr. Likoff prescribed for her. She was unable to identify an agency relationship between her physician and the nurse. Plaintiff's second witness, Nurse Stern, unequivocally stated that she was a hospital employee. She related that her orders came directly from the nursing supervisor, and that she was bound to follow the orders of a physician only if they were reasonable. She testified that she administered the injections of Heparin as a matter of routine hospital care. Finally, plaintiffs called Dr. Likoff as on cross-examination, who testified, inter alia, that Nurse Stern was not his employee or servant. He said that he had no control over the manner in which injections were administered, and that he neither hired nor had a right to discharge any of the nurses.

The combined testimony of plaintiff's witnesses was in no way probative of Dr. Likoff's right to control the manner in which Nurse Stern, or any other hospital nurse, would administer routine hospital treatment and care. There was no evidence presented to indicate that the injection of Heparin was so esoteric in nature as to require either the presence of a physician or the administration of the drug by the physician himself.

In determining whether a master-servant relationship exists, the basic inquiry is whether the person is subject to the alleged employer's control or right to control. With respect to the instant case, we must specifically answer the question of whether Dr. Likoff had the right to control not only the services to be rendered, but also the manner of performing those services. *Collins v. Hand*, 431 Pa. 378, 246 A. 2d 398 (1968). Our case law reflects a general policy, grounded not only in reason but in practicality, that nurses employed by a hospital are not held to be servants of a physician, when they administer treatment in the regular course of hos-

pital services. *McConnell v. Williams,* 361 Pa. 355, 65 A. 2d 243 (1949).

Two exceptions to this general rule exist. Where a physician is acting in the special relationship to hospital employees as a surgeon, the surgeon has been held responsible for the negligent acts of hospital employees who participate in the performance of an operation. Liability is imposed in such a case under the "Captain of the Ship" doctrine; but, this theory is and has always been limited to the operating room situation. See *Rockwell v. Kaplan,* 404 Pa. 574, 173 A. 2d 54 (1961). A second means of imposing liability on the physician is where there is evidence of the physician's control or right to control by virtue of his physical presence in the room while treatment is being administered or where he actually employs the hospital nurse and has a right to direct or dismiss her from service. None of these circumstances exist in the instant case. On the contrary, there is no evidence that Dr. Likoff had any right of control over Nurse Stern, who acted solely as an employee of Hahnemann Hospital. All the evidence tends to support the fact that the injection of Heparin was a routine and normal hospital procedure, requiring no special skills or knowledge beyond nursing training.

Under the circumstances, we are not prepared to hold a physician liable for the routine hospital services performed by hospital nurses or other employees. To do so would place an undue hardship and an impossible cloak of responsibility about the physician.

For the reasons stated above, we affirm the order of the court below.